**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFF, STARVONA HARRIS AND
THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STARVONA HARRIS, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>BEST BUY STORES, L.P., A LIMITED PARTNERSHIP,<br><br>DEFENDANT. | CASE NO. 3:15-cv-00657<br><br>COMPLAINT FOR FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION<br><br>1) Failure to Pay Overtime Wages in Violation of FLSA<br>2) Failure to Pay Overtime Wages in Violation of California Law<br>3) Failure to Make Payments Within the Required Time in Violation of California Law<br>4) Failure to Provide Proper Itemized Wage Statements in Violation of California Law<br>5) Failure to Provide Reimbursements<br>6) Unfair Competition in Violation of California Law<br><br>**JURY TRIAL DEMANDED** |

---

CLASS ACTION COMPLAINT

Plaintiff, Starvona Harris, on behalf of herself and others similarly situated, makes the following allegations against Defendant, Best Buy Stores, L.P.

## I.  NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff STARVONA HARRIS ("PLAINTIFF") brings this collective action and class action against Defendant BEST BUY STORES, L.P. ("DEFENDANT") for engaging in systematic violations of wage and hour laws.  On information and belief, DEFENDANT has failed to pay PLAINTIFF and other current and former non-exempt employees overtime wages in violation of the California Labor Code, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders") and the Fair Labor Standards Act ("FLSA"), all of which contribute to DEFENDANT'S deliberate unfair competition.  In addition, on information and belief, DEFENDANT has failed to provide PLAINTIFF and its current and former non-exempt California employees with proper wage statements, failed to pay the same employees all wages due upon their discharge or resignation, and failed to reimburse employees for all business expenses, all in violation of the California Labor Code.

2. On behalf of other current and former non-exempt employees who were employed by DEFENDANT throughout the United States, PLAINTIFF asserts claims for failure to pay overtime wages as a collective action pursuant to 29 U.S.C. § 216(b).  On behalf of other current and former non-exempt employees who were employed by DEFENDANT in California, PLAINTIFF asserts claims for failure to pay overtime wages, failure to provide proper wage statements, failure to pay all wages due upon their discharge or resignation, failure to reimburse for business related expenses, and unfair competition as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFF seeks all damages, restitution, statutory penalties, civil penalties and other relief to which she and other similarly situated current and former non-exempt employees of DEFENDANT are entitled under the FLSA and California law.

## II.  JURISDICTION

3. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C.

§ 1331 and 29 U.S.C. § 216(b), as PLAINTIFF asserts claims under the FLSA.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution.

### III.    VENUE

4.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(c)(2), as DEFENDANT is subject to the court's personal jurisdiction and has minimal contacts with this District.  DEFENDANT conducts business by selling goods and services, along with employing individuals to provide those goods and services, within the Northern District of California.  In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions underlying the claims in this case occurred in the Northern District of California including, but not limited to, PLAINTIFF and a portion of the putative class were employed to work, performed work and on information and belief were not paid wages and not reimbursed for business expenses in the Northern District of California.

### IV.    INTRADISTRICT ASSIGNMENT

5.  Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division is appropriate because this action arose and a substantial part of the events and omissions giving rise to the claims occurred in the county of San Francisco and other counties set forth under that rule.

### V.    PARTIES

6.  Plaintiff Starvona Harris is and at all relevant times was a resident of Oakland, California.  From in or about October, 2013 until September, 2014, Plaintiff Starvona Harris was employed by DEFENDANT and performed services at one of DEFENDANT'S stores located in San Francisco, California including, but not limited to, selling merchandise in DEFENDANT'S appliance department.

7.  At all relevant times, PLAINTIFF was a non-exempt employee of DEFENDANT. Furthermore, PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code

CLASS ACTION COMPLAINT

§ 2699(c) because she was employed by DEFENDANT and suffered the Labor Code violations in common with former or current non-exempt employees of DEFENDANT.

8.  At all relevant times, DEFENDANT Best Buy Stores, L.P. was a Virginia Limited Partnership with its principal place of business and headquarters in the State of Minnesota.  DEFENDANT Best Buy Stores, L.P. was the employer of PLAINTIFF and other similarly situated current and former non-exempt employees, as defined in the California Labor Code, Industrial Welfare Commission Wage Orders and FLSA. DEFENDANT sells merchandise to consumers throughout the United States, such as televisions, appliances, computers and other items.   DEFENDANT also provides services for consumers throughout the United States including, but not limited to, installations and computer troubleshooting.

## VI.    FLSA COLLECTIVE ACTION ALLEGATIONS

9.  PLAINTIFF'S claim for failure to pay overtime wages in violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other current and former non-exempt employees of DEFENDANT who were employed by DEFENDANT anywhere in the United States (collectively "DEFENDANT'S current and former non-exempt employees").

10.     At all relevant times, including the last three years, PLAINTIFF and other current and former non-exempt employees of DEFENDANT have been similarly situated in that, on information and belief, they have not been paid overtime wages for all hours worked in excess of 40 hours per week.  At all relevant times, PLAINTIFF and other current and former non-exempt employees of DEFENDANT have been subjected to DEFENDANT'S common practices, policies, programs, procedures and plans, which have resulted in the willful failure by DEFENDANT to pay overtime wages in violation of the FLSA.

11.     Although the names and addresses of the other current and former non-exempt employees of DEFENDANT are not yet known to PLAINTIFF, they are readily ascertainable from the records maintained by DEFENDANT and believed to be

numerous, greater than 1000 current and former employees.  As PLAINTIFF has the same claims and damages of DEFENDANT'S other current and former employees, their claims are typical of the putative collective action class, and common issues predominate including, but not limited to, whether they were paid all overtime wages due to DEFENDANT'S common policies and practices.  PLAINTIFF and her counsel will adequately represent the putative collective action because their interests are not adverse to DEFENDANT'S other current and former employees, and PLAINTIFF'S counsel are experienced in class action litigation.  Notice of this action and the right to "opt-in" as a plaintiff for the purpose of PLAINTIFF'S collective action can be given to the other current and former non-exempt employees via first class mail at their last known address known by DEFENDANT.

12.     Attached hereto as Exhibit 1 is the signed consent forms of PLAINTIFF to be a party to the collective action brought by her under the FLSA.  PLAINTIFF is informed and believes and thereon alleges that, upon being given notice of her rights, many other current and former non-exempt employees of DEFENDANT will likewise consent to join as plaintiffs in the collective action brought by PLAINTIFF against DEFENDANT.

## VII.   CALIFORNIA CLASS ACTION ALLEGATIONS

13.     PLAINTIFF brings her California state law claims on behalf of herself and all other similarly situated current and former non-exempt employees of DEFENDANT who worked in California (collectively, the "California Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The members of the California Class are part of the Wage Statement Subclass, the Overtime Wage Subclass, Waiting Time Subclass, the Unreimbursed Expenses Subclass and/or the UCL Subclass, which are defined as follows:

**California Class:**  All persons who, at any time since the date four years before the filing of the complaint in this action ("Relevant Time Period"), were employed by DEFENDANT anywhere in California as non-exempt employees.

**Wage Statement Subclass:** All members of the California Class who, during the applicable limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Overtime Wage Subclass:** All members of the California Class who, during the Relevant Time Period, worked in excess of eight (8) hours per day and/or in excess of forty (40) hours per week, and who did not receive overtime pay at the requisite overtime rates of pay.

**Waiting Time Subclass:** All members of the California Class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**Unreimbursed Expenses Subclass:** All members of the California Class who, during the applicable limitations period, did not have their business related expenses reimbursed as required by Labor Code § 2802.

**UCL Subclass:** All members of the California Class who, during the Relevant Time Period, are owed restitution in the form of wages earned and unpaid and unreimbursed expenses as a result of DEFENDANT'S uniform pay policies and procedures.

14.     PLAINTIFF reserves the right under the Federal Rules of Civil Procedure and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

15.     PLAINTIFF'S California state law claims are brought and may be maintained as a class action under Rule 23(a), (b)(3) of the Federal Rules of Civil Procedure.

a. **<u>Numerosity</u>**.  The California Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of California Class members is unknown to PLAINTIFF at this time, PLAINTIFF is informed and believes and thereon allege that there are hundreds or thousands of members in the California Class and each of its subclasses.

b. **Commonality**.  There are questions of law or fact common to California Class members.  Indeed, common issues of fact and law predominate over individual issues.  These common questions include, but are not limited to, the following:

1.  Whether DEFENDANT failed to pay California Class members for all overtime wages at the legally required and applicable regular rate of pay for each hour worked in excess of eight (8) hours per day or forty (40) hours per week;

2.  Whether DEFENDANT failed to provide to California Class members and maintain for at least three years accurate itemized wage statements, itemizing the correct gross and net wages earned, the total hours worked, the correct rates of pay and the correct hours worked at each rate of pay, among other things required by Labor Code § 226;

3.  Whether DEFENDANT failed to pay California Class members all wages earned upon their discharge or resignation of employment as required by Labor Code §§ 201-203;

4.  Whether DEFENDANT failed to reimburse California Class Members for all business related expenses; and

5.  Whether DEFENDANTS engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

c. **Typicality.**   PLAINTIFF is a member of the California Class, and her claims are typical of the claims of the other California Class members who PLAINTIFF seeks to represent.  PLAINTIFF suffered the same kinds of injuries suffered by other California Class members and seeks the same kind of relief sought by other California Class members.

d. **Adequate Representation.**  PLAINTIFF will adequately and fairly protect the interests of the members of the California Class.  PLAINTIFF has no interests adverse to the interests of the absent California Class members.  PLAINTIFF is

7

represented by legal counsel with substantial class action experience in civil litigation and employment law.

16.      This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual California Class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VIII.      FACTUAL ALLEGATIONS

17.      PLAINTIFF and current and former non-exempt employees of DEFENDANT sold merchandise, performed services and other tasks for DEFENDANT. They were paid an hourly rate of pay for the work performed, along with a non-discretionary bonus.  Although the bonus should have been taken into account when determining the regular rate of pay for overtime purposes, on information and belief DEFENDANT failed to do so.  This resulted in PLAINTIFF and current and former non-exempt employees of DEFENDANT not receiving all overtime compensation due to them.  For example, although PLAINTIFF earned a bonus for fiscal month June, 2015, which was from approximately June 1, 2014 until July 5, 2014, and worked overtime hours during the pay periods in that fiscal month, on information and belief she did not receive an overtime premium for the bonus worked during that fiscal month.  Equally important, on information and belief, DEFENDANT failed to pay to PLAINTIFF and

8

current and former non-exempt employees of DEFENDANT the earned bonuses during the pay periods they were earned, the subsequent pay period or as soon as practicable, in violation of Labor Code § 204 and 29 C.F.R. § 778.106.  As a result, DEFENDANT failed to pay PLAINTIFF and other current and former non-exempt employees sufficient overtime wages under the Labor Code and the FLSA.

18.     On information and belief, DEFENDANT violated California Labor Code § 2802 by failing to reimburse PLAINTIFF and other current and former non-exempt employees for business related expenses including, but not limited to, internet service, cell phone plans, cell phones, PDAs and other devices, which were necessary business-related expenses.

19.     On information and belief, DEFENDANT did not provide proper wage statements to PLAINTIFF and other current and former non-exempt employees of DEFENDANT.  On further information and belief, the wage statements did not list the correct gross and net wages due, the correct hourly rates of pay and the number of hours worked at those rates of pay, an identification number for the employee or last four digits of the employee's social security number, and the correct total hours worked, among other things required by Labor Code § 226.

20.     On information and belief, when PLAINTIFFS and other former non-exempt employees of DEFENDANTS were discharged or resigned, DEFENDANTS did not pay them all wages due including, but not limited to, unpaid overtime wages.

## X. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
(Violation of 29 U.S.C. §207 et seq.)

**(By PLAINTIFF, on behalf of herself and DEFENDANT'S current and former non-exempt employees)**

21.     PLAINTIFF incorporates the foregoing paragraphs as though fully set forth herein.

22.     At all relevant times, PLAINTIFF and DEFENDANT'S current and former

9

non-exempt employees were "employees" of DEFENDANTS under the FLSA, 29 U.S.C. § 201 et seq, and DEFENDANT was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA.

23.     Under 29 U.S.C. § 207 et seq., PLAINTIFF and DEFENDANT'S current and former non-exempt employees were entitled to overtime wages at the rate of 1 and 1.5 times their regular rate for hours worked in excess of 40 per workweek.

24.     On information and belief, DEFENDANT operated under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay PLAINTIFF and DEFENDANT'S current and former non-exempt employees overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which PLAINTIFF and DEFENDANT'S current and former non-exempt employees are entitled.

25.     On information and belief, as a result of DEFENDANT'S unlawful conduct, PLAINTIFF and DEFENDANT'S current and former non-exempt employees have suffered damages in an amount not yet known, but subject to proof after discovery, to the extent they have not been paid all overtime wages earned.

26.     Pursuant to 29 U.S.C. §§ 207, 216 et seq., PLAINTIFF and DEFENDANT'S current and former non-exempt employees are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees, liquidated damages, and costs of suit, which PLAINTIFF seeks on behalf of herself and DEFENDANT'S current and former non-exempt employees.  As PLAINTIFF has not received all records and information from DEFENDANT, the full amount of her unpaid overtime wages is not currently known.  PLAINTIFF reserves the right to amend the Complaint after additional discovery is conducted regarding the amount of unpaid overtime wages sought.

1
2
3
4

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §§ 204, 510 and 1198)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

5
6

27.     PLAINTIFF realleges and incorporates by the foregoing paragraphs as though fully set forth herein.

7
8
9

28.     PLAINTIFF and the California Class members were "non-exempt" employees of DEFENDANT who did not receive proper protections and benefits of the laws governing payment of overtime wages.

10
11
12
13
14

29.      During the time of PLAINTIFF'S and the California Class members' employment with DEFENDANT, they were not exempt from receiving overtime compensation and were entitled to receive overtime compensation under Labor Code §§ 204, 510, and 1198 and IWC Wage Orders for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

15
16
17
18
19
20
21

30.     On information and belief, DEFENDANT knowingly and willfully failed to pay PLAINTIFF and the California Class members all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh day of a workweek; and (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work performed in excess of 8 hours on any seventh day of a workweek.

22
23
24
25
26
27
28

31.     On information and belief, as a direct result, PLAINTIFF and the California Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel DEFENDANT to fully perform its obligations under state law, all to their respective damage in amounts according to proof at trial.  PLAINTIFF, on behalf of herself and the California Class members, seeks to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including

interest thereon, reasonable attorney's fees, and costs of suit, and other remedies provided under the Labor Code.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY WAGES WITHIN REQUIRED TIME**
**(Violations of Labor Code §§ 201, 202 and 203)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

32.     PLAINTIFF realleges and incorporates by this reference the foregoing paragraphs as though fully set forth herein.

33.     Labor Code § 201 requires DEFENDANT to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires DEFENDANTS to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

34.     For a willful violation of Labor Code §§ 201 and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

35.     On information and belief, DEFENDANT willfully did not provide PLAINTIFF and California Class members, after their discharge or resignation, with all wages due and owing including, but not limited to, all overtime wages by the times specified by Labor Code § 201 or 202.  Consequently, pursuant to Labor Code § 203, DEFENDANT owes PLAINTIFF and California Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which PLAINTIFF seeks on behalf of themselves and the California Class.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
**(Violation of Labor Code § 226)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

36.     PLAINTIFF realleges and incorporates the foregoing paragraphs as though fully set forth herein.

37.     Labor Code § 226(a) requires that employers, including DEFENDANT, to furnish its employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things

38.     On information and belief, DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and California Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide total hours worked, correct gross and net wages earned, the number of hours worked at the correct hourly rates, the correct hourly rates of pay, and the last four digits of a social security number or employee identification number, among other things.

39.     On information and belief, DEFENDANT'S failure to provide a proper writing deprived PLAINTIFF and California Class members with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by DEFENDANT.  PLAINTIFF and California Class members, therefore, had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to DEFENDANT.  DEFENDANT'S failure to provide the proper writing also required PLAINTIFF and California Class members to spend and

continue to spend attorney's fees and costs to determine the wages owed to them.  As a direct result, PLAINTIFF and California Class members suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees and costs in seeking to gather information and compel DEFENDANT to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial.

40.     Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to PLAINTIFF and California Class members who were injured by DEFENDANT'S failure to comply with Labor Code § 226(a), which PLAINTIFF seeks on behalf of herself and the California Class.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

41.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

42.     Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

43.     On information and belief, PLAINTIFF and California class members made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions of DEFENDANT including, but not limited to, internet service, cell phone plans, cell phones, PDAs and other expenses.

44.     On information and belief, DEFENDANT was responsible for reimbursing

PLAINTIFF and California class members for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

45.     On information and belief, as a result of DEFENDANT'S unlawful conduct, PLAINTIFF and California Class members have suffered damages in an amount within the limited jurisdiction of the Court.  PLAINTIFF and the California Class are entitled to recover the full amount of the unpaid expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

**SIXTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Violation of Business and Professions Code § 17200)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

46.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

47.     California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."  On information and belief, PLAINTIFF and California Class members, as herein alleged, have suffered and continue to suffer injuries in fact, due to the unlawful, fraudulent and unfair business practices of DEFENDANT.

48.     As alleged herein, on information and belief, DEFENDANT systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked, failing to provide correct wage statements according to law, and failing to reimburse employees for necessary business-related expenses all in order to decrease its costs of doing business and increase its profits.

49.     On information and belief, at the time that PLAINTIFF and California Class members were hired, DEFENDANT knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code, FLSA, and/or IWC Wage Orders, including the payment of promised bonuses and other wages and the reimbursement of the expenses.

15

CLASS ACTION COMPLAINT

50.     On information and belief, from the time that PLAINTIFF and California Class members were hired, DEFENDANT failed to comply with the California Labor Code, FLSA and IWC Wage Orders through its actions as herein alleged including, but not limited to its failure to: (1) pay all wages due for all hours worked, including overtime wages and bonuses, (2) provide accurate itemized wage statements, (3) pay all wages due and owing within the time specified by the Labor Code and FLSA, (4) pay all accrued wages upon the termination of employment, and (5) provide reimbursement for all business related expenses.

51.     At all times relevant, on information and belief, DEFENDANT intentionally avoided paying to PLAINTIFF and California Class members wages and monies and other financial obligations attached thereto, thereby creating for DEFENDANT an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of PLAINTIFF and California Class members.

52.     On information and belief, at all times relevant herein PLAINTIFF and California Class members relied on and believed DEFENDANT'S representations concerning its conformance with the California and federal wage and hour laws, all to their detriment.

53.     On information and belief, as a result of DEFENDANT'S intentional, willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the Labor Code, FLSA, and IWC Wage Orders, PLAINTIFF and California Class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial.  By violating the foregoing statutes and regulations as herein alleged, DEFENDANT'S acts constitute unfair, fraudulent and unlawful business practices under Business and Professions Code § 17200 et seq.

54.     As a result of the unfair, fraudulent and unlawful business practices of DEFENDANT alleged herein, PLAINTIFF and California Class members are entitled to declaratory relief, injunctive relief, disgorgement, and restitution in an amount according

16

1   to proof. As private attorneys general under California Civil Code § 1021.5,

2   PLAINTIFF, on behalf of herself and California Class members, seek to recover any and

3   all attorney's fees incurred herein.

4   **PRAYER FOR RELIEF**

5   WHEREFORE, PLAINTIFF, on behalf of herself and similarly situated current

6   and former non-exempt employees of DEFENDANT, including the California Class,

7   pray for judgment and relief against DEFENDANT as follows:

8        a.    An order certifying that PLAINTIFF may pursue her FLSA claims

9   against DEFENDANT as a collective action on behalf of other current and former non-

10  exempt employees of DEFENDANT under 29 U.S.C. § 216(b).

11        b.    An order certifying that PLAINTIFF may pursue her California state

12  law claims against DEFENDANT as a class action on behalf of the California Class, the

13  Wage Statement Subclass, the Overtime Wage Subclass, Waiting Time Subclass,

14  Unreimbursed Expenses Subclass and/or the UCL Subclass under Federal Rule of Civil

15  Procedure 23;

16        c.    An order appointing PLAINTIFF as Class representative and

17  appointing PLAINTIFF'S counsel as Class Counsel;

18        d.    For general damages and special damages including, but not limited

19  to, unpaid wages, agreed upon wages, overtime wages, and unreimbursed expenses;

20        e.    For reasonable attorney fees, cost of suit, and interest to the extent

21  permitted by law, including pursuant to Civil Code § 1021.5, the FLSA and the

22  California Labor Code;

23        f.    For liquidated damages pursuant to the Labor Code and the FLSA;

24        g.    Penalties under California Labor Code sections 226 and 203 and

25  other applicable California Labor Code provisions;

26        h.    For restitution, injunctive relief, declaratory relief and other relief

27  provided by Business and Professions Code § 17200 et seq., including a declaratory

28  judgment that DEFENDANT violated Labor Code §§ 201, 202, 203, 226, 510 and other

provisions of the Labor Code, the FLSA, and/or Orders of the Industrial Welfare Commission, and a permanent injunction prohibiting DEFENDANT from future violations of the same laws;

        i.     For an order requiring DEFENDANT to restore and disgorge all funds to PLAINTIFF and California Class members acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200 et seq.;

        j.     For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, benefits and penalties according to proof, including interest thereon;

        k.     For an accounting to determine all money wrongfully obtained and held by DEFENDANT;

        l.     For pre- and post-judgment interest, and

        m.     For such other relief as the Court deems just and proper.

WOODALL LAW OFFICES

DATE:  FEBRUARY 11, 2015

BY:  /S/KEVIN F. WOODALL

KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFF, STARVONA HARRIS AND SIMILARLY SITUATED FORMER AND CURRENT EMPLOYEES OF DEFENDANT

1

## **JURY TRIAL DEMANDED**

2
    A jury trial is hereby demanded by Plaintiff.

3

                                       WOODALL LAW OFFICES

DATE:   FEBRUARY 11, 2015

4

5

6
                               BY:  /S/ KEVIN F. WOODALL

7
                                    KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFF, STARVONA
HARRIS AND ALL SIMILARLY SITUATED
FORMER AND CURRENT EMPLOYEES OF
DEFENDANT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT