UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BEST BUY STORES, L.P.,<br><br>    Defendant. | Case No. 15-cv-00657-HSG   (KAW)<br><br>**ORDER REGARDING 8/19/15 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 20 |

On August 19, 2015, the parties filed a joint discovery letter regarding Defendant's alleged refusal to produce responses to various discovery devices and produce Rule 30(b)(6) witnesses on all noticed topics. (8/19/15 Joint Discovery Letter, "Joint Letter," Dkt. No. 20.) On August 20, 2015, the joint letter and all other discovery in this matter were referred to the undersigned.

All joint letters must comply with the Court's standing order, including the provision that "a separate joint letter [be filed] for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters)." (Standing Order for Magistrate Judge Kandis A. Westmore ¶ 13.)  Here, the instant joint letter does not address the substance of the multiple disputes at issue, and does not provide the undersigned with the information necessary to resolve the disputes.

Accordingly, the Court TERMINATES the discovery letter and orders the parties to further meet and confer and file a separate, revised joint letter for each discovery device, not to exceed eight double-spaced pages.  The letters shall be in the following format to ensure that the parties are addressing the same issues, and are doing so in a manner that facilitates the Court's resolution of the remaining disputes:

///

**A. Request for Production No. 7**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

**B. Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

(*See* Standing Order for Magistrate Judge Kandis A. Westmore ¶ 13.)  Additionally, the parties should attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.  The parties need not attach correspondence.  All exhibits should be tabbed and physically attached to the corresponding letter with a staple or brads.

IT IS SO ORDERED.

Dated: August 26, 2015

KANDIS A. WESTMORE
United States Magistrate Judge