UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEST BUY STORES, L.P.,<br><br>　　　　　Defendant. | Case No. 15-cv-00657-HSG   (KAW)<br><br>**ORDER REGARDING 9/30/15 JOINT LETTERS PERTAINING TO PLAINTIFF'S REQUESTS FOR PRODUCTION AND SPECIAL INTERROGATORIES**<br><br>Re: Dkt. Nos. 36 & 37 |

On September 30, 2015, the parties filed separate joint letters in which Plaintiff seeks to compel supplemental discovery responses pertaining to Best Buy's "Points Rcvd GU" and "Merchandise Rcvd" notations on Plaintiff's wage statements. (9/30/15 Joint Letter regarding Req. for Produc. of Docs., "Joint Letter #1," Dkt. No. 36 at 1, 6; 9/30/15 Joint Letter regarding Special Interrog., "Joint Letter #2," Dkt. No. 37 at 1, 5.)

Upon review of the joint letters, the Court deems these matters suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and DENIES Plaintiff's requests to compel supplemental responses to the requests for production of documents and special interrogatories.

## I.   BACKGROUND

On February 11, 2015, Plaintiff Starvona Harris filed a Fair Labor Standards Act collective action and California class action lawsuit against her former employer Best Buy Stores, L.P. for violations of wage and hour laws. Specifically, Plaintiff alleges that she and other non-exempt employees "were paid an hourly rate of pay for the work performed, along with a nondiscretionary bonus," which should have been included in determining the regular rate of pay for overtime purposes, but was not. (First Am. Compl., "FAC," Dkt. No. 12 ¶ 17.)

On August 19, 2015, Defendant filed a motion for summary judgment, the hearing on

1   which was continued by the district court to December 3, 2015. (*See* Dkt. Nos. 22 & 27.)

2   On September 30, 2015, the parties filed two related joint letters in which Plaintiff seeks to
3   compel discovery pertaining to the "Points Rcvd GU" and "Merchandise Rcvd" notations on
4   Plaintiff's wage statements.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

## III.   DISCUSSION

Plaintiff seeks supplemental responses to Interrogatory Nos. 5-6, and Request for Production Nos. 10-11.

### A.   "Points Rcvd GU" Notation

Interrogatory No. 5 and Request for Production No. 10 seek information concerning the "Points Rcvd GU" notation on Plaintiff's wage statements. (Joint Letter #1 at 1-2; Joint Letter #2 at 1-2.)[1] According to Best Buy, the Points Program allowed employees to receive points from their supervisors in recognition of providing good customer service, which could be used for merchandise and gift cards. (Joint Letter #1 at 2-3.)

Plaintiff contends this information regarding the Points Program is relevant, "along with information relating to other compensation that should have been used to calculate overtime on the monthly bonus and other overtime earned by Plaintiff." (Joint Letter #1 at 3.)

In opposition, Defendant contends that information pertaining to the Points Program is irrelevant, because Plaintiff's allegations are limited to the non-discretionary bonus, of which Best Buy's "short-term incentive ("STI") plan was the only bonus she was eligible to receive. (Joint Letter #1 at 4. Moreover, the Points Plaintiff received were awarded by her supervisor and were purely discretionary, and do not constitute a bonus. (Joint Letter #1 at 5.)

---

[1] The two letters are virtually identical, so, going forward, the Court will cite to the first joint letter unless they differ.

Currently, Plaintiff's operative complaint is limited to the STI bonus plan, and contains no allegations pertaining to the Points Program nor does she allege that points earned constituted a bonus that must be included in determining the regular rate of pay for overtime purposes. Thus, this information is not relevant.

### B. "Merchandise Rcvd" Notation

Interrogatory No. 6 and Request for Production No. 11 seek information concerning the "Merchandise Rcvd" notation on Plaintiff's wage statements. (Joint Letter #1 at 5-6; Joint Letter #2 at 6.) According to Best Buy, "Merchandise Rcvd" pertains to merchandise Plaintiff purchased pursuant to Best Buy's employee discount program and is not a bonus. (Joint Letter #1 at 8.)

Both sides reiterate the same arguments addressed above. *See* discussion *supra* Part III.A. Similarly, the Court denies Plaintiff's request to compel supplemental responses, because the operative complaint is limited to the STI plan, rendering the information sought irrelevant.

### IV. CONCLUSION

In light of the foregoing, the Court DENIES Plaintiff's request to compel supplemental responses to Interrogatory Nos. 5-6, and Request for Production Nos. 10-11.

Notwithstanding, the deposition testimony provided indicates that Plaintiff does not understand her wage statements. The undersigned is confident that Defendant will provide some information, if it has not already, regarding the wage statement notations to mollify any concerns that these represent non-discretionary bonuses.

IT IS SO ORDERED.

Dated: October 15, 2015

KANDIS A. WESTMORE
United States Magistrate Judge