UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BEST BUY STORES, L.P.,<br><br>　　　　　Defendant. | Case No. 15-cv-00657-HSG   (KAW)<br><br>**ORDER REGARDING 9/30/15 JOINT LETTER RE: RULE 30(B)(6) DEPOSITION TOPICS**<br><br>Re: Dkt. No. 38 |

On September 30, 2015, the parties filed a joint letter in which Plaintiff seeks to compel Rule 30(b)(6) testimony regarding 11 noticed deposition topics. (9/30/15 Joint Letter, "Joint Letter," Dkt. No. 38.)

Upon review of the joint letters, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and GRANTS IN PART AND DENIES IN PART Plaintiff's request to compel Rule 30(b)(6) deposition testimony.

### I.   BACKGROUND

On February 11, 2015, Plaintiff Starvona Harris filed a Fair Labor Standards Act ("FLSA") collective action and California class action lawsuit against her former employer Best Buy Stores, L.P. for violations of wage and hour laws.  Plaintiff was employed by Best Buy from October 2013 to September 2014. (Joint Letter at 2.)  Specifically, Plaintiff alleges that she and other non-exempt employees "were paid an hourly rate of pay for the work performed, along with a nondiscretionary bonus," which should have been included in determining the regular rate of pay for overtime purposes, but was not. (First Am. Compl., "FAC," Dkt. No. 12 ¶ 17.)

On August 19, 2015, Defendant filed a motion for summary judgment, the hearing on which was continued by the district court to December 3, 2015. (*See* Dkt. Nos. 22 & 27.)

On September 30, 2015, the parties filed a joint letter in which Plaintiff seeks to compel Rule 30(b)(6) deposition testimony on 11 topics, including the hours worked by Plaintiff, all compensation listed on Plaintiff's wage statements, Best Buy's timekeeping system, documents distributed during Plaintiff's employment, the Points Received GU and Merchandise Received, and Defendant's corporate structure.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Under Rule 26, courts shall limit discovery if that which is sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C) (i).

The party seeking to compel discovery bears the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ."  In turn, Rule 30(b)(6) provides that

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C 99–02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing *In re Vitamins Antitrust*

1    *Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003)).

2          A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable

3    particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6).

4    "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what

5    is asked of the designated witness at a deposition." *UniRAM Technology, Inc. v. Monolithic Sys.*

6    *Tech., Inc.*, No. C 04–1268 VRW (MEJ), 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007)

7    (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)).

8    "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify,

9    not the maximum." *Id.* (citing *Detoy*, 196 F.R.D. at 366-67).  "However, if the deponent does not

10   know the answer to questions outside the scope of the matters described in the notice, then that is

11   the examining party's problem." *Detoy*, 196 F.R.D. at 367 (quoting *King v. Pratt & Whitney, a*

12   *Div. of United Technologies Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995))(internal quotations

13   omitted).

14                                     **III.    DISCUSSION**

15         Plaintiff seeks to compel Rule 30(b)(6) deposition testimony concerning 11 noticed topics.

16   At this time, "[t]he parties have decided to limit the 30(b)(6) deposition to issues relating to

17   Plaintiff . . . , but agree that, should Plaintiff's individual claims survive summary judgment,

18   Plaintiff can later continue the 30(b)(6) deposition to address issues relating to the represented

19   employees/putative class members." (Introduction to Joint Letter, Dkt. No. 38 at 1.)

20         **A.    Timekeeping**

21         Deposition Topic Nos. 2, 17, and 18 pertain to timekeeping and whether Plaintiff's wage

22   statements accurately reflect the hours she worked.

23              **i.    Deposition Topic No. 2**

24              <u>Deposition Topic No. 2:</u> The number of hours worked each day by
           Plaintiff Starvona Harris (hereinafter, "Plaintiff") and Defendant's
25              employees identified in the First Amended Complaint as members
           of the California Class, the Fair Labor Standards Act ("FLSA")
26              collective action, and/or aggrieved employees under the Private
           Attorney General Act claim (hereinafter, "Represented Employees")
27              from February, 2011 to present.

28   (Joint Letter at 1.)

1    Plaintiff contends that she was not given all overtime wages and that her wage statements
2    were incorrect regarding the total hours worked, the number of hours worked at each rate of pay
3    and gross and net wages. *Id.* Plaintiff argues that she needs testimony regarding this topic "to
4    confirm the time entries produced by Defendant accurately reflect the hours worked and/or
5    clocked by her," and is entitled to this information, because, at Plaintiff's deposition, Defendant
6    asked questions regarding Plaintiff's timekeeping and clocking in and out. *Id.*

7    Defendant argues that the allegations in Plaintiff's operative complaint are limited to the
8    non-discretionary bonus, of which Best Buy's short-term incentive ("STI") plan was the only
9    bonus she was eligible to receive. (Joint Letter at 2.) She does not claim that there was any error
10   in the time entries themselves. *Id.* As a result, Best Buy contends that it "should not have to
11   produce a witness to testify on topics other than the claim at issue in this lawsuit: the inclusion of
12   STI bonus in Plaintiff's overtime rate." *Id.* at 3.

13   Plaintiff now claims that the time entries are inaccurate. (Joint Letter at 1.) Specifically,
14   "Plaintiff testified [at her deposition] that she worked a number of days in September, 2014, which
15   are not reflected in the time entries." *Id.* As a result, Plaintiff claims that testimony on this topic
16   "will demonstrate whether Plaintiff was paid all overtime hours worked and whether Plaintiff's
17   wage statements contain the correct information." *Id.* at 2.

18   Nonetheless, Plaintiff's operative complaint is limited to the STI bonus plan, and contains
19   no allegations regarding the inaccuracy of Plaintiff's time entries. Thus, any information
20   regarding the accuracy of the hours worked is not relevant, and Best Buy need not produce a
21   witness to testify on this topic.

**ii.    Deposition Topic No. 17**

23   Deposition Topic No. 17 seeks testimony regarding "Defendant's rules, policies,
24   procedures and practices relating to when Plaintiffs and Represented Employees clocked in and
25   clocked out from February, 2011 to present including, but not limited to, the timekeeping system
26   used by Defendant, how Defendants' timekeeping system works, and when Plaintiff and
27   Represented Employees clocked in and out." (Joint Letter at 6.)

28   Both parties incorporate their arguments made in connection with Deposition Topic No. 2.

4

1  *Id.* Additionally, Best Buy argues that its timekeeping practices and policies are simply not at
2  issue in this lawsuit, and Plaintiff would be most knowledgeable regarding her practices for
3  clocking in and out. *Id.*

4  Accordingly, the noticed topic seeks information that is not relevant to Plaintiff's claim
5  that her non-discretionary bonus was improperly excluded from her regular pay rate for the
6  purposes of calculating overtime pay, thereby relieving Best Buy of any obligation to produce a
7  witness to testify on this topic.

### iii. Deposition Topic No. 18

Deposition Topic No. 18 seeks testimony regarding "[t]he timesheets of Plaintiff and Represented Employees including, but not limited to, the entries made." (Joint Letter at 6.) Both parties incorporate their arguments made in connection with Deposition Topic No. 2. *Id.* Accordingly, the noticed topic seeks information that is not relevant to Plaintiff's claim that her non-discretionary bonus was improperly excluded from her regular pay rate for the purposes of calculating overtime pay. Thus, Best Buy's objection to this topic is sustained, and it need not produce a Rule 30(b)(6) witness.

### B. Compensation

Deposition Topic Nos. 5, 19, and 34 pertain to alleged compensation.

### i. Deposition No. 5

Deposition Topic No. 5 seeks testimony regarding "Defendant's compensation rules, policies, procedures and practices from February, 2011 to present including, but not limited to, bonuses, merchandise received, points received GU and other compensation listed on wage statements of Plaintiff and Represented Employees." (Joint Letter at 4.)

Plaintiff contends that she "needs to obtain testimony relating to the points and merchandise received by her, along with testimony relating to other compensation that should have been used to calculate overtime on the monthly bonus and other overtime earned by Plaintiff." (Joint Letter at 5.)

Defendant has agreed to produce witnesses to testify about the FY 2015 STI program and to testify "as to how Best Buy calculated all of the pay that Plaintiff received and how each item

1  displayed on her pay statement was calculated." *Id.* Defendant contends that the policies and
2  practices are outside the scope of litigation, and incorporates its arguments made in connection
3  with Deposition Topic No. 2. *Id.*

4  The Court finds that the points and merchandise received are not at issue in this litigation.
5  Best Buy must, however, produce a witness to testify regarding all versions of the STI bonus
6  program in effect during Plaintiff's employment, and may not restrict the scope to the 2015 fiscal
7  year. Plaintiff's request to compel testimony relating to non-STI bonus compensation is denied.

### ii. Deposition Topic No. 19

Deposition Topic No. 19 seeks testimony regarding "[d]ocuments distributed to Plaintiff and Represented Employees by Defendant from February, 2011 to present." (Joint Letter at 7.) During the parties' meet and confer, Defendant agreed to produce a corporate witness to testify regarding documents distributed or made available to Plaintiff relating to bonus plans, wage statements, expense reimbursements, and wage rates. Thus, the only issue in dispute is "whether Defendant should produce someone to provide testimony relating to other compensation such as points and merchandise received by Plaintiff." *Id.*

Plaintiff incorporates her arguments made in connection with Deposition Topic No. 5. *Id.* Defendant argues that this topic is overbroad and fails to identify the topic with sufficient particularity. *Id.* Additionally, Defendant contends that "it is not possible that every document distributed to Plaintiff by Best Buy during her one year of employment could have relevance to this litigation." *Id.*

Defendant is correct. For the reasons set forth above, the points and merchandise received by Plaintiff are not relevant to her claims. *See* discussion *supra* Part III.B.i. Therefore, Best Buy need not produce a Rule 30(b)(6) witness to testify regarding the points and merchandise received programs.

### iii. Deposition Topic No. 34

Deposition Topic No. 34 seeks testimony regarding "[w]hat Plaintiff and Represented Employees received with points received GU and merchandise received on their wage statements." (Joint Letter at 9.)

6

1    Plaintiff again contends that "[i]n order to determine whether Defendant correctly
2    calculated Plaintiff's nondiscretionary monthly bonus, overtime related to the bonus and other
3    overtime payments, Plaintiff needs to obtain testimony relating to all compensation provided to
4    her." *Id.*

5    As previously discussed, the points program and merchandise received by Plaintiff are not
6    relevant to Plaintiff's wage and hour claims.  Furthermore, Best Buy has agreed to produce a
7    corporate witness to testify regarding how Plaintiff's bonus was calculated and how all of the
8    items on Plaintiff's wage statements were calculated. (Joint Letter at 10.)  Plaintiff is not entitled
9    to any additional information, so her request for a Rule 30(b)(6) witness to testify on Topic No. 34
10   is denied.

11   **C.     Corporate Structure and Policies**
12   Deposition Topic Nos. 44 and 45 seek general testimony regarding Defendant's
13   organizational structure, its wage and compensation practices, and day-to-day governance.

14   **i.     Deposition Topic No. 44**
15   Deposition Topic No. 44 seeks testimony regarding "Defendant's organizational structure,
16   including but not limited to the relationships among headquarters, divisions, units, sites, offices,
17   and/or locations, the supervising, management and reporting structures pertaining to the business,
18   and the shareholders or owners of Defendant." (Joint Letter at 10-11.)

19   Plaintiff contends that she is entitled to obtain information regarding Defendant's
20   organizational structure to ensure that the correct entity was named and whether others should be
21   named as defendants. (Joint Letter at 11.)

22   Defendant objects on the ground that this topic is overbroad and seeks testimony about
23   issues not relevant to the lawsuit, and fails to define the topic on which Plaintiff seeks testimony
24   with sufficient particularity. (Joint Letter at 11.)

25   Plaintiff's request is denied, because the information does not appear relevant, and Plaintiff
26   has failed to identify how her overtime claims relate to Best Buy's corporate governance.  Filing a
27   lawsuit does not empower Plaintiff to embark on a fishing expedition, so Best Buy is not required
28   to produce a witness on this topic.

### ii. Deposition Topic No. 45

Deposition Topic No. 45 seeks testimony regarding "[t]he individuals who made decisions and exercised control regarding the setting and paying of wages and compensation, pay policies and practices, day-to-day operations of Defendant, supervision of employees, and setting policies relating to all issues in the First Amended Complaint." (Joint Letter at 11.)

Plaintiff contends that she "is entitled to know who was responsible for setting pay policies and who was in charge of the day-to-day operations, as individuals can be liable for the Fair Labor Standards Act claims alleged in this case." (Joint Letter at 11.)

Defendant objects to this topic on the grounds that it is irrelevant, overbroad, and fails to define the topics on which testimony is sought with sufficient particularity. (Joint Letter at 11.)

The Court agrees. The individuals who generally made decisions and exercised control regarding setting and paying wages and compensation is overbroad, because the only substantive issue in this litigation is whether Plaintiff's overtime compensation was properly calculated. This claim does not implicate Best Buy's day-to-day operations or employee supervision. Therefore, Plaintiff's request to compel corporate testimony on Topic No. 45 is denied.

### D. Complaints and Investigations

Deposition Topic Nos. 28 and 29 concern whether Best Buy had prior knowledge of its allegedly wrongful pay practices.

### i. Deposition Topic No. 28

Deposition Topic No. 28 seeks testimony regarding
> Complaints made to Defendant and its owners and employees regarding Defendant's pay practices including, but not limited to, Defendant's failure to reimburse for expenses, pay agreed upon wages or compensation in a timely manner, pay agreed upon and overtime wages and other compensation, maintain employment records, and other issues alleged in the First Amended Complaint.

(Joint Letter at 7-8.)

Plaintiff alleges that Defendant's conduct was knowing, intentional, and willful as to the unpaid overtime wages, inaccurate wage statements, and the failure to pay Plaintiff all wages at discharge, which Plaintiff must demonstrate under California Labor code §§ 203 and 226, and the FLSA. (Joint Letter at 7.) Thus, this testimony is relevant to show whether Defendant was aware

of the problems, but continued to engage in the same conduct. *Id.*

Defendant argues that "willful" within the meaning of Labor Code §§ 203, 226 is based on "whether a legal good faith dispute exists, not subjective intent." (Joint Letter at 8) (citing Cal. Code Reg. Title 8, § 13520 ("[A] good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203.")). Moreover, Defendant contends that only complaints regarding the STI bonus are relevant, and none exist. *Id.*

As written, Topic No. 28 is overbroad, because only the STI bonus program is relevant to the pending litigation. Thus, Defendant is ordered to produce a Rule 30(b)(6) witness to testify regarding any complaints concerning the STI bonus program, even if it is to testify that no complaints were made. Plaintiff's request to produce a witness to testify regarding all other complaints is denied.

### ii. Deposition Topic No. 29

Deposition Topic No. 29 seeks testimony regarding
> The investigations conducted by any federal or California agency regarding the issues in the First Amended Complaint, including, but not limited to, when the investigations occurred, communications between Defendant and the agencies, payments made to employees pursuant to the agency investigations, findings and conclusions of the agency, and paperwork provided by Defendant to the agency.

(Joint Letter at 8.)

Plaintiff incorporates her arguments made in connection with Topic No. 28. (Joint Letter at 8.)

Defendant objects on the grounds that the topic is overbroad, seeks testimony that is not relevant to the lawsuit, and is not sufficiently particularized. (Joint Letter at 9.) In addition, Best Buy states that it "is not aware of any agency investigations relating to inclusion of bonuses or STI payments in the overtime amount." *Id.*

The Court generally agrees and sustains Defendant's objections. Notwithstanding, since Best Buy's knowledge regarding any investigations concerning the inclusion of bonuses or STI payments in calculating the overtime rate of pay is relevant, it is ordered to produce a Rule 30(b)(6) deponent on that issue. Plaintiff's request to produce a witness to testify regarding any other types of investigations is denied.

### E. Responsive documents - Deposition Topic No. 49

Deposition Topic No. 49 seeks testimony pertaining to "[a]ll documents that have and have not been produced in response to Plaintiff's document requests including, but not limited to, all documents that have been maintained or not maintained by Defendant related to the issues alleged in the First Amended Complaint and the authenticity and accuracy of documents." (Joint Letter at 11-12.)

Plaintiff argues that she is entitled to know what documents have not been produced that are responsive to her document requests. (Joint Letter at 12.) She further contends that she is entitled to obtain testimony relating to the authenticity of documents that have been produced. *Id.*

Defendant objects on the grounds that this topic "improperly seeks attorney-client privileged information regarding what documents are responsive to Plaintiff's requests and strategy for responding to discovery." (Joint Letter at 12.) Furthermore, Defendant argues that the topic fails to describe the testimony sought with sufficient particularity. *Id.*

Plaintiff is not entitled to testimony on what privileged documents have not been produced. Any dispute concerning document production must be addressed in relation to the request for production of documents at issue, and the parties must meet and confer. A Rule 30(b)(6) deposition is not the proper vehicle to obtain this information.

Moreover, any documents produced by Defendant are admissible as business records, so the admissibility of those documents is not an issue. If Plaintiff wishes to ask questions regarding those documents and their authenticity, she may ask whichever witness is produced for the subject matter on which the specific documents relate. Thus, the topic as noticed is overbroad and Plaintiff's request to compel Rule 30(b)(6) testimony on Deposition Topic No. 49 is denied.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's request to compel Rule 30(b)(6) testimony on the topics addressed in the joint letter. Specifically, Defendant is ordered to produce a corporate witness to testify on Topic No. 5 regarding all STI bonus programs in effect during Plaintiff's employment, and may not limit the scope to FY 2015. Best Buy shall also produce a corporate witness to testify regarding Topic No.

28 only as it pertains to complaints regarding the STI bonus program, and Topic No. 29 only as it pertains to California or federal agency investigations related to the inclusion of bonuses or STI payments in calculating the overtime rate of pay.

Best Buy need not produce Rule 30(b)(6) witnesses to testify regarding any other noticed topics addressed herein.

IT IS SO ORDERED.

Dated: October 16, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

11