UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P.,<br><br>    Defendant. | Case No. 15-cv-00657-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENYING AS MOOT MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER**<br><br>Re: Dkt. Nos. 41, 46, 48 |

Plaintiff Starvona Harris filed a putative class action against Defendant Best Buy Stores, L.P. for alleged violations of wage and hour laws. Pending before the Court is Plaintiff's motion for leave to file a second amended complaint, Dkt. No. 48, as well as related motions to set aside the magistrate judge's orders related to discovery, Dkt. Nos. 41, 46.

## I. BACKGROUND

Plaintiff filed her initial complaint on February 11, 2015, Dkt. No. 1. Over two months later, Plaintiff filed an amended complaint on May 1, 2015, Dkt. No. 12 ("FAC"). According to the FAC, Plaintiff was employed at Best Buy from October 2013 to September 2014. *Id.* at ¶ 6. Plaintiff alleges that she and other non-exempt employees "were paid an hourly rate of pay for the work performed, along with a nondiscretionary bonus," which should have been included in determining the regular rate of pay for overtime purposes, but was not. *Id.* at ¶ 17.

Since May 19, 2015, the parties have pursued discovery, *see* Dkt. No. 26 at 2, and litigated discovery-related disputes before a magistrate judge. Per the Court's order, August 19, 2015 was the last day to file a dispositive motion. Dkt. No. 17. Defendant timely filed a motion for summary judgment. Dkt. No. 22. Because of ongoing discovery disputes, the Court subsequently granted a stipulation to extend the summary judgment deadline to October 19, 2015 and the opposition response deadline to November 2, 2015. Dkt. No. 26. Due to continued discovery

1  disputes, the Court granted a second stipulated request to extend the deadline to December 14,
2  2015 for Plaintiff to file an opposition to Defendant's summary judgment motion and to January
3  2016 for the summary judgment motion hearing date. Dkt. No. 45.
4      On October 29, 2015, Plaintiff sought leave to file a second amended complaint. Dkt. No.
5  48. Plaintiff additionally filed two motions to set aside the magistrate judge's orders denying
6  Plaintiff's motion to compel supplemental discovery concerning points and merchandise Plaintiff
7  received while a Best Buy employee. Dkt. Nos. 41, 46.

## II. LEGAL STANDARD

"A party seeking a second or successive amendment 'may amend its pleading only with the opposing party's written consent or the court's leave.'" *KFD Enterprises, Inc. v. City of Eureka*, No. C-08-4571 MMC, 2011 WL 1750783, at *1 (N.D. Cal. Apr. 22, 2011) (quoting Fed. R. Civ. P. 15(a)).

Granting or denying leave to amend a complaint is in the Court's discretion, *Cal. v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is to be applied with extreme liberality." *Id*. (internal quotation marks omitted).

When considering whether to grant leave, courts examine these factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996) (per curiam).

## III. DISCUSSION

Plaintiff seeks leave to amend her complaint in two ways. First, Plaintiff plans to assert an additional claim related to Defendant's failure to produce or make available for inspection Plaintiff's entire personnel file and employment records within thirty days of Plaintiff's written request. Second, Plaintiff seeks to add allegations to the complaint related to the points and

merchandise she received as an employee.  Defendant argues that the Court should deny Plaintiff's motion because of Plaintiff's undue delay, the resulting prejudice to the Defendant, and the fact that Plaintiff has previously amended her complaint.

### A.     Undue Delay

Defendant contends that Plaintiff has provided no "legitimate reasons for her delay in filing this Motion." Dkt. No. 53 at 8.  Citing *Solomon v. N. Am. Life & Cas.*, 151 F.3d 1132, 1139 (9th Cir. 1998), Defendant argues that "[g]ranting Plaintiff's motion would further delay the litigation of this case because it would force yet more discovery, potentially more motions to compel, and new summary judgment briefing." *Id.* at 9.  It contends Plaintiff "forced" Defendant to defend against her motions to compel discovery and to file its own summary judgment motion, and only then filed her motion for leave to file a second amended complaint. *Id.* at 8.

Plaintiff contends that it has diligently pursued discovery and that it "did not discover the facts relating to the new allegations in the Second Amended Complaint until the last few months, when Plaintiff received discovery relating to her time entry records and schedules, non-discretionary bonuses, personnel file and employment records." Dkt. No. 54 at 6-7.

The Court finds that this factor weighs in Plaintiff's favor.  "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  In her proposed second amended complaint, Plaintiff contends that on November 28, 2014, Plaintiff requested her personnel files, wage statements, documents signed by Plaintiff relating to obtaining or holding employment, and other employment-related records.  Dkt. No. 49-1 at 20.  Plaintiff argues that it was not aware that Defendant failed to fully produce the documents related to her personnel file within the twenty-one and thirty day windows required by Labor Code §§ 226, 432, and 1198.5.  According to Plaintiff, it learned of the missing files through discovery Defendant produced in September and October, almost a year after the required deadlines for production.  Dkt. Nos. 54 at 6-7; 55-1, ¶ 12.  This constitutes newly discovered information.

Additionally, the first amended complaint was limited to "non-discretionary bonuses." Defendant has denied Plaintiff discovery on points and merchandise she received, contending that

3

they do not constitute non-discretionary bonuses.  Plaintiff seeks to amend the complaint to expressly allege that the merchandise and points she received qualified as non-discretionary bonuses.  This amendment is reasonable under the circumstances.  *See Abad v. Waste Connections, Inc.*, No. CV 12-06708 DDP RZX, 2013 WL 1163982, at *2 (C.D. Cal. Mar. 20, 2013)  (granting leave to amend where plaintiff sought to file an amended complaint asserting "holiday pay" was not included in the regular rate of pay for overtime compensation after defendant denied discovery on the issue).

Finally, these circumstances are unlike *Solomon*, where the plaintiff filed leave to amend "on the eve of the discovery deadline." 151 F.3d at 1139.  Here, discovery is ongoing; indeed, at the time Plaintiff filed its motion, the Court had not yet set deadlines for the close of fact and expert discovery.  Moreover, Plaintiff's motion was motivated by discovery disputes over the past two months:  she timely filed this motion after being denied discovery on the points and merchandise issue.  There is no undue delay.

### B. Prejudice to Defendant

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (per curiam) (citation and internal quotation marks omitted).  Defendant cites several cases it argues support its claim that it would be unfairly prejudiced if Plaintiff's motion were granted. *See Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (holding district court did not abuse its discretion in denying leave to amend where motion was "raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court); *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986) (per curiam).  Defendant has finished discovery regarding Plaintiff's individual claims and filed its summary judgment motion in compliance with the Court's scheduling order.  Dkt. No. 53 at 7.  It argues that it should not "be forced to re-open discovery and prepare yet another motion for summary judgment." *Id.*

Defendant has not established that it will suffer *substantial* prejudice if Plaintiff's motion were granted. *See James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("If a court is to deny

4

leave to amend on grounds of undue prejudice, the prejudice must be substantial.").

First, the proposed amendments do "not arise out of a new legal theory that would alter the basis or course of the action." *See M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial of leave to amend when "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery"); *Alsabur v. Autozone, Inc.*, No. CV 13-01689-KAW, 2014 WL 1340730, at *4 (N.D. Cal. Apr. 3, 2014) ("Prejudice typically arises where the opposing party is surprised with new allegations which require additional discovery or will otherwise delay resolution of the case."). Here, the proposed allegations would not significantly widen the complaint's scope. Plaintiff does not seek to add new parties and the new allegations arise from the same facts as the other claims in the complaint—namely, Defendant's alleged failure to include non-discretionary bonuses in its overtime calculations. *See Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2015 WL 5064076, at *3 (N.D. Cal. Aug. 26, 2015) (holding "[a]lthough Defendants may incur additional expense responding to the new complaint, they will not have to radically change their litigation strategy in order to defend against related advertising allegations and an additional unjust enrichment claim"); *Serpa v. SBC Telecomms., Inc.*, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004) (finding no substantial prejudice where "defendants need not radically change their litigation strategy in order to accommodate the proposed [ ] claims"). Similarly, the proposed new allegation regarding the failure to produce the personnel file are discrete and do not significantly change the scope of the case.

Second, although the Ninth Circuit has held that a pending summary judgment motion weighs against leave to amend a pleading, the underlying rationale does not apply here. The Ninth Circuit has stated a "motion for leave to amend is not a vehicle to circumvent summary judgment," *Ennis v. Sigurdson*, 185 F.3d 866 (9th Cir. 1999) (unpublished) (internal quotation marks omitted). Here, there is no indication that Plaintiff attempts to "circumvent" a decision on the merits by amending its complaint while Defendant's summary judgment motion is pending.

Third, "the mere prospect of additional discovery is insufficient" to constitute substantial prejudice. *Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2013 WL 5592620, at *15

(N.D. Cal. Oct. 10, 2013); *see Abad*, 2013 WL 1163982, *2 ("additional discovery alone is [not] sufficient prejudice"); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (delay caused by additional discovery alone is not undue prejudice). Although additional discovery may be required, the discovery schedule and new dispositive motion hearing date are only a few months later than the original schedule. Moreover, Defendant agreed to the previous deadline extensions that continued discovery and the summary judgment hearing twice. Given these facts, there is little risk that granting Plaintiff's motion would create substantial delay in the timing of litigation events. *See Alvarado v. HOVG, LLC*, No. 14-CV-02549-HSG, 2015 WL 4940810, at *3 (N.D. Cal. Aug. 19, 2015) (holding defendant would suffer prejudice where Plaintiff's motion for class certification was due in less than two months and fact and expert discovery were set to close in less than six months); *Todd*, 2015 WL 5064076, at *3 ("Typically undue prejudice occurs when the sequence and timing of important litigation events, such as trial, are disrupted.").

### C. Plaintiff's previously amended complaint

Although courts are wary of granting leave to amend when a complaint has been previously amended, the Court concludes leave to amend is appropriate here. Contrary to Defendant's argument, the fact that Plaintiff amended its complaint once as a matter of course does not require denial of Plaintiff's motion. Dkt. No. 53 at 9. This is not a case where Plaintiff failed to remedy a defective complaint in response to a motion to dismiss. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (holding there is broad discretion to deny leave where plaintiff has previously amended the complaint). And, as discussed, this is not a situation where Plaintiff was aware "of the factual basis for the amendment prior to a previous amendment." *Alsabur*, 2014 WL 1340730, at *5 (holding that granting leave to amend a second time was not warranted when leave to amend was previously granted and plaintiff had knowledge of the underlying facts at the time it filed the first amended complaint). Accordingly, this factor also does not weigh against Plaintiff's motion for leave.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion for leave to file a second amended

6

complaint is **GRANTED**.  The Court directs Plaintiff to file its second amended complaint by December 18, 2015.  Plaintiff's motions for relief from the magistrate judge's orders are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: 12/11/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7