United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BEST BUY STORES, L.P.,<br><br>　　　　　　　Defendant. | Case No. 15-cv-00657-HSG<br><br>**ORDER GRANTING MOTION TO FILE SUR-REPLY**<br><br>Re: Dkt. No. 74 |

　　　　Currently before the Court is Plaintiff's motion for leave to file a sur-reply. For the reasons explained below, the Court GRANTS Plaintiff's motion.

　　　　Defendant timely filed its reply to Plaintiff's opposition to Defendant's summary judgment by the deadline of March 10, 2016. Dkt. No. 71. On March 11, 2016, Defendant filed an errata indicating that Dkt. No. 71 contained errors in certain mathematical calculations. Accordingly, Defendant filed a corrected reply, *see* Dkt. No. 72. On March 14, 2016, pursuant to Local Rule 7-3(d), Plaintiff filed an objection to the corrected reply, arguing that Defendant's latest reply "contains new arguments, theories and calculations that vary from its reply brief filed on March 10," Dkt. No. 73.

　　　　The Court agrees with Plaintiff that Defendant's latest reply contains new information. Normally, the Court would not entertain a reply brief containing new authority and argument, *see Roe v. Doe*, No. C 09–0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009 (holding that a court may strike new evidence raised for the first time in a reply). However, in this case, the Court exercises its discretion to consider Defendant's latest reply, finding the brief helpful to the Court's merits analysis. Accordingly, the Court STRIKES Dkt. No. 71 from the docket.

　　　　Because of the new information in Defendant's reply, the Court GRANTS Plaintiff's motion to file a sur-reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) (where new

1  evidence is presented in a reply to a motion for summary judgment, the district court should not
2  consider the new evidence without giving the non-movant an opportunity to respond).
3       Plaintiff is directed to limit the sur-reply to only the new information contained in Dkt. No.
4  72.  The sur-reply should not repeat arguments or raise new arguments that could have been raised
5  in its opposition.  The sur-reply may not exceed five pages and is due by March 21, 2016.
6  **IT IS SO ORDERED.**
7  Dated: 3/15/2016

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge