UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>BEST BUY STORES, L.P.,<br><br>        Defendant. | Case No. 15-cv-00657-HSG<br><br>**ORDER GRANTING LEAVE TO REOPEN DISCOVERY CONCERNING PLAINTIFF'S PHONE RECORDS**<br><br>Re: Dkt. Nos. 81, 82 |

Discovery as to Plaintiff's individual claims ended on February 15, 2016. Dkt. No. 58. Defendant contends that it did not know that "Harris *could* obtain phone records and that Metro PCS was her carrier" before February 18, 2016, because Plaintiff provided untruthful or inaccurate statements in her earlier deposition and responses to discovery. Dkt. No. 81 at 2. Plaintiff responds that Harris objected to Defendant's specific requests for her phone records and that Harris has no cell phone records in her possession, custody or control. Dkt. No. 81 at 4-5.

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *see also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (noting court may modify schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension")

Although Plaintiff contends that Defendant mischaracterizes Plaintiff's deposition testimony, Plaintiff does not specifically refute Defendant's argument regarding *when* Plaintiff revealed Metro PCS was her carrier. Moreover, there is nothing in the record to suggest that Defendant has not been diligent or that Defendant could have reasonably acquired this information earlier had it been diligent. Having reviewed the February 18 deposition testimony, Dkt. No. 78 at

1  12-15, the Court finds that good cause exists to reopen discovery as to the limited issue of
2  Plaintiff's phone records and refers any motion to compel concerning the phone records to Judge
3  Westmore. The Court extends the fact discovery deadline as to Plaintiff's individual claims as to
4  this matter only to October 13, 2016; the Court will not extend the deadline absent a showing of
5  good cause.
6  Additionally, in light of the Court's summary judgment order, Dkt. No. 102, the Court
7  denies [82] as moot.

**IT IS SO ORDERED.**

Dated:  8/31/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge