UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BEST BUY STORES, L.P.,<br><br>    Defendant. | Case No. 3:15-cv-00657-HSG   (KAW)<br><br>**ORDER REGARDING 9/20/16 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 120 |

On September 20, 2016, the parties filed a joint letter in which Defendant seeks to compel responses to Requests for Production Nos. 23, 24, 25 and 29, which pertain to Plaintiff's claim that she used her personal cell phone for work-related purposes and is entitled to reimbursement. (Joint Letter, Dkt. No. 120 at 1.)

Upon review of the joint letters, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and orders the parties to further meet and confer regarding the production of the phone records, as set forth below.

## I.     BACKGROUND

On February 11, 2015, Plaintiff Starvona Harris filed a Fair Labor Standards Act ("FLSA") collective action and California class action lawsuit against her former employer Best Buy Stores, L.P. for violations of wage and hour laws. Plaintiff was employed by Best Buy from October 2013 to September 2014. Plaintiff's fifth cause of action alleges that she and other non-exempt employees used their personal cell phone plans, cell phones, and internet in the discharge of their duties and were not reimbursed as required by California Labor Code § 2802. (Second Am. Compl., "SAC," Dkt. No. 59 ¶ 44.)

On September 20, 2016, the parties filed a joint letter, in which Defendant seeks to compel

Plaintiff's responses to the requests that seek documents relating to the fifth cause of action.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Under Rule 26, courts shall limit discovery if that which is sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C) (i).

The party seeking to compel discovery bears the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III. DISCUSSION

Requests for Production of Documents Nos. 23, 24, 25, and 29 seek documents pertaining to Plaintiff's claim that she used her personal cell phone in the discharge of her duties as a Best Buy employee and is entitled to reimbursement. (Joint Letter at 1.) There is no dispute that her cell phone records are relevant to the fifth cause of action for violations of California Labor Code § 2802, because "they presumably reflect whether she, in fact, made work-related calls, the

1  number of such calls, the time spent on such calls, and any expenses incurred for such calls."
2  (Joint Letter at 1.)
3       Defendant contends that the records are within Plaintiff's possession, custody or control
4  because Plaintiff has the legal right to obtain the documents on demand from her telephone service
5  provider Metro PCS. (Joint Letter at 2.)
6       Plaintiff objected to the requests on the grounds that they are overly broad, are an invasion
7  of privacy, and are privileged. (Joint Letter at 4.) Additionally, Plaintiff maintains that the
8  records are not in her possession, and that Metro PCS will not release the records without a
9  subpoena or court order. (Joint Letter at 4-5.)
10      Defendant is entitled to copies of Plaintiff's telephone records during the period of her
11 employment, and may obtain them one of two ways: Plaintiff's production or third-party
12 subpoena. Plaintiff's proposal that Best Buy subpoena the records and have them delivered to
13 Plaintiff's counsel for redaction is unreasonable. If Plaintiff wishes to redact the records, she must
14 obtain them from the provider and produce them in the course of discovery. Otherwise, Defendant
15 must subpoena the (unredacted) records, which would then be subject to the stipulated protective
16 order currently in effect.

## IV.   CONCLUSION

18  In light of the foregoing, the Court orders the parties to meet and confer to decide whether
19 Defendant will subpoena the records or if Plaintiff will obtain them from her service provider and
20 produce them with redaction.
21      IT IS SO ORDERED.
22 Dated: October 14, 2016

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

3