UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>BEST BUY STORES, L.P.,<br><br>  Defendant. | Case No. 15-cv-00657-HSG<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO CERTIFY**<br><br>Re: Dkt. Nos. 106, 111 |

Pending before the Court are two motions by Defendant Best Buy Stores, L.P. ("Best Buy"), each regarding the Court's overtime ruling in its order granting in part and denying in part Defendant's motion for summary judgment. *See* Dkt. No. 102 (*Harris v. Best Buy Stores, L.P.*, No. 15-cv-00657-HSG, 2016 WL 4073327, at *2-7 (N.D. Cal. Aug. 1, 2016)). The first is Defendant's motion for reconsideration of the Court's overtime ruling. Dkt. No. 106. The second is Defendant's motion to certify the ruling for interlocutory appeal. Dkt. No. 111.

Plaintiff Starvona Harris, a former Best Buy employee, filed this collective action on February 11, 2015, alleging eight causes of action under state and federal law. *Harris*, 2016 WL 4073327, at *1. The Court's summary judgment order, at issue here, only addressed her individual claims. *See id.* at *1.

Upon reconsideration, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's overtime claims. The Court DENIES Defendant's motion to certify.

I.   **RELEVANT FACTS**[1]

In addition to hourly wages, Defendant offered employees in Plaintiff's position two

---

[1] The Court incorporates by reference the full statement of facts from its prior order. *See Harris*, 2016 WL 4073327, at *1-*2.

relevant types of payment during the applicable time period.[2]  *Harris*, 2016 WL 4073327, at *1.  First, employees could earn a nondiscretionary bonus through the short-term incentive ("STI") program.  *Id.* at *2.  Second, employees could earn Path to Excellence ("PTE") points that were redeemable for various products and services.  *Id.* at *1.  Some PTE points were classified as overtime eligible.  *Id.* at *2.  The calculation of the STI bonus was partially based on the employee's earnings, including overtime pay, but did not include PTE points.  *Id.* at *1.

Plaintiff earned both overtime and PTE points during the pay period of August 3, 2014 to August 16, 2014.  Dkt. No. 22-2 at 26.  However, Plaintiff earned all of those PTE points during the pay period's first workweek (from August 3, 2014 to August 9, 2014).  *See* Dkt. No. 64-10 at 6 (showing workweeks); Docket No. 64-4 at 3 & 69-11 at 30 (showing dates PTE points were earned).  And Plaintiff did not earn any overtime during the pay period's first workweek.  *See* Dkt. No. 64-5 at 20-21.  Thus, without dispute, there was not a week during the August 3 to August 16 pay period in which Plaintiff both earned both PTE points and worked overtime.

At oral argument, Plaintiff's counsel conceded that the only workweek in which Plaintiff both received an award of PTE points and worked overtime was July 20-26, 2014.  *See* Dkt. No. 115 (FTR recording of hearing) at 2:21:43-2:22:03 PM.  That week was in the fiscal month of July 2015.  *Harris*, 2016 WL 4073327, at *2 (citing Dkt. Nos. 22-2 & 69-11 at 30).  Plaintiff received no STI bonus for fiscal July 2015.  *See id.* at *1 (citing Dkt. No. 64-10 at 11).

In summary, the record conclusively establishes that there was no week meeting all three of the following requirements:  (1) Plaintiff earned PTE points; (2) Plaintiff also worked overtime; and (3) the week fell within a month in which Plaintiff earned the STI bonus.

---

[2] Defendant also offered employees in Plaintiff's position merchandise discounts.  *Harris*, 2016 WL 4073327, at *2.  But the Court granted Defendant's motion for summary judgment as to Plaintiff's first and second causes of action insofar as they were based upon the theory that Defendant was required to pay overtime on the value of the merchandise discounts.  *Id.* at *7.  Neither party seeks reconsideration of this portion of the Court's overtime ruling.  Since these discounts are no longer relevant, they are not discussed here.

## II. LEGAL STANDARD

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A summary judgment order not fully disposing of a case is an interlocutory order. *See*, *e.g.*, *In re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997) ("An order granting a motion for partial summary judgment is an interlocutory order ."); *Hopkins v. City of Sierra Vista, Ariz.*, 931 F.2d 524, 529 (9th Cir. 1991) ("The denial of a motion for summary judgment is an interlocutory order . . . ." (internal quotation marks and citation omitted)). A federal district court may modify pre-trial interlocutory orders and rulings "at any time prior to final judgment." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1997).

## III. MOTION FOR RECONSIDERATION OF THE COURT'S OVERTIME RULING

Plaintiff's remaining overtime claim is based on the allegation that Best Buy failed to calculate the STI bonus "as a percentage of . . . [PTE] points . . . ." *See, e.g.*, Dkt. No. 66 at 7. However, Defendant is entitled to judgment as a matter of law on this claim.

An employer may satisfy the overtime requirements of the Fair Labor Standards Act ("FLSA") by calculating a bonus as a "[p]ercentage of total earnings." 29 C.F.R. § 778.210 (2016); *see also Harris*, 2016 WL 4073327, at *4. On summary judgment, the Court held that "total earnings" under § 778.210 includes all bonuses not falling under a statutory exception. *See Harris*, 2016 WL 4073327, at *5; *see also* 29 U.S.C. § 207(e). Applying this standard, the Court ruled that Defendant "failed to establish that it properly calculated the STI as a percentage of total earnings, including all bonuses not falling under a statutory exception." *Harris*, 2016 WL 4073327, at *5. The Court found that it was "not clear from the record" whether the STI calculations were proper in two fiscal months of 2015. *Id.* at *5.[3]

The Court stands behind its legal holding regarding § 778.210, but reconsiders its application of that holding to the facts of this case. Overtime is a weekly calculation. *See, e.g.*, 29

---

[3] The Court identified those months as "fiscal June 2015 and fiscal August 2015." *Harris*, 2016 WL 4073327, at *5. This was a typographical error: the Court meant fiscal *July* 2015 and fiscal August 2015. Regardless, the Court now reconsiders this part of its prior holding.

3

U.S.C. § 207(a)(1) (requiring overtime pay for "a *workweek* longer than forty hours" (emphasis added)); 29 C.F.R. § 104 ("The Act takes a *single workweek* as its standard . . . ." (emphasis added)). The only workweek that Plaintiff received an award of PTE points and worked overtime was July 20-26, 2014, but she earned no STI bonus during that month. *See Harris*, 2016 WL 4073327, at *1-2. Given these undisputed facts, there is no way that Plaintiff could have lost overtime wages through Defendant's failure to calculate the STI bonus as a percentage of PTE points.

Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's FLSA overtime claim. In addition, Defendant is entitled to judgment as a matter of law on Plaintiff's overtime claim under California law, given that FLSA's standard applies to that claim too, *see id.* at *3 (citing cases).

## IV. MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S OVERTIME RULING

Because the Court has granted Defendant's motion for summary judgment on Plaintiff's overtime claims, it denies Defendant's motion to certify the ruling for interlocutory appeal. The district court may only certify a non-final order for interlocutory appeal where "such order involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and . . . an immediate appeal from the order may *materially advance the ultimate termination of the litigation*." *See* 28 U.S.C. § 1292 (2012) (emphasis added); *see also Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011). "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Here, resolution of a disputed legal issue regarding a claim as to which judgment has been granted in Defendant's favor would not impact the outcome of the case. Moreover, the interlocutory appeal would not materially advance the termination of this suit because the legal ruling on appeal would be irrelevant to all remaining claims. Since the requirements of section 1292(b) are not met, the motion to certify is denied.[4]

---

[4] Defendant's motion to certify requests a stay of proceedings if the Ninth Circuit agrees to hear

4

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's first and second causes of action. As to all other causes of action, the Court's summary judgment order of August 1, 2016 is unchanged. The Court DENIES Defendant's motion to certify for interlocutory appeal the Court's overtime ruling. The Parties shall appear for a case management conference at 2:00pm on Thursday, October 27, 2016 to set a schedule and plan for resolving the remaining claims.

**IT IS SO ORDERED.**

Dated: 10/26/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

the interlocutory appeal. Dkt. No. 111 at 11-12. Since the Court denies the motion to certify, it does not reach the request for a stay.